CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 2 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

STEPHEN M. BLANTON,

    Plaintiff,

v.

CULPEPER COUNTY, ET AL.,

    Defendants.

Case No. 7:10CV00547

**MEMORANDUM OPINION**

By: Glen E. Conrad
Chief United States District Judge

Plaintiff Stephen M. Blanton, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Blanton alleges that Orange County and Culpeper County, Virginia, and various county law enforcement officials are liable for violations of his constitutional rights that occurred in connection with execution of a search warrant at his residence in March 2009. Upon review of the record, the court finds that all claims against the counties must be summarily dismissed.

## Discussion

Briefly, Blanton alleges the following sequence of events on which his claims are based. On March 16, 2009, officers employed by the Culpeper County Sheriff's Department and the Orange County Police Department obtained a search warrant for Blanton's residence and executed it. Blanton was not at home, but another resident was there and a second one arrived during the search, as did Blanton. The officers searched the residence and seized numerous items of Blanton's personal property, left the residence in disarray, searched and photographed a barn on the property where the house was located, and played with some sex toys discovered during

the search, making inappropriate comments in the process. The officers boasted to the local media, and an article about the raid was published several days later, praising the defendants for their actions.

Blanton sues several officers, both counties, and four John Doe defendants. He asserts that all the defendants knew that the affidavit offered in support of the warrant was invalid, making the warrant itself invalid, and that the officers exceeded the scope of the warrant while executing the search, in violation of his Fourth Amendment rights. He asserts that a judgment in his favor in this civil action will not imply the invalidity of any criminal conviction. Finally, he brings supplemental state law claims under Virginia Code Annotated § 19.2-59, prohibiting warrantless searches.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). After a review of Blanton's allegations, the court concludes that all claims against the counties must be dismissed, pursuant to § 1915(e)(2), for failure to state an actionable claim.

While municipalities and other local governmental bodies such as counties constitute "persons" within the meaning of § 1983, Monell v. Dep't of Social Services, 436 U.S. 658, 688-89 (1978), such an entity cannot be automatically held liable under § 1983 liability for the unconstitutional conduct by its employees; the theory of respondeat superior does not apply. Board of the County Commissioners v. Brown, 520 U.S. 397, 403 (1997). Rather, a "municipality's liability" arises only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom." Walker v. Prince George's County, MD, 575 F.3d 426, 431 (4th Cir. 2009) (omitting internal quotations). A bald allegation that the employees' conduct is "common practice" is not sufficient to support a claim against the county. Id. (applying Iqbal, __U.S.__, 129 S. Ct. 1937, 1949 (2009)).

Blanton asserts that officers in these counties "routinely" violate constitutional and statutory search and seizure protocols. He fails to allege any facts indicating that the defendants' alleged misconduct was in accordance with any policy, custom, or practice existing in either Orange County or Culpeper County. Accordingly, he has failed to state a plausible § 1983 claim against either of these defendants under Monell and Iqbal, supra.

Blanton's claims against the counties under state law must also be dismissed. The code provision upon which he relies, Va. Code Ann. § 19.2-59, states that "no officer of the law or any other person shall search any place, thing or person, except by virtue of and under a warrant issued by a proper officer" and that a violation of this provision constitutes "malfeasance in office." Blanton cites no authority interpreting this statute to be applicable to the county as a governmental entity, and the court finds none. See Buonocore v. Chesapeake & Potomac Telephone Co. of Virginia, 492 S.E.2d 439, 441 (Va. 1997) (finding that § 19.2-59 applies only

to governmental employees who can be found guilty of malfeasance in office). Moreover, it is well established that this state code section "affords only the same substantive protection as that provided by the Fourth Amendment." Id.

## Conclusion

For the reasons stated, the court will dismiss all claims against Orange County and Culpeper County without prejudice, pursuant to § 1915(e)(2), for failure to state a claim. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 12th day of January, 2011.

_____
Chief United States District Judge